United States District Court for the District of Arizona

Mary Shahadi,
Plaintiff,

v.

Ulta Beauty, Inc.,
Defendant.

Case No.: _____
(Assigned by Clerk)

*[Handwritten: Mary Shahadi, 4802 N 19th Ave B249, Phoenix, AZ 85015, 484-523-6274]*

*[Stamp: FILED SEP 11 2025, CLERK U S DISTRICT COURT DISTRICT OF ARIZONA]*

CV25-03328-PHX-JJT

COMPLAINT

(Civil Rights — 42 U.S.C. §1981, Title II of the Civil Rights Act, and Defamation under State Law)

—

I. Jurisdiction and Venue
    1.    This Court has jurisdiction under 28 U.S.C. §§1331 and 1343 because Plaintiff brings claims under federal civil rights statutes, including 42 U.S.C. §1981 and Title II of the Civil Rights Act of 1964 (42 U.S.C. §2000a).
    2.    Supplemental jurisdiction is proper under 28 U.S.C. §1367 for Plaintiff's related state law claims (defamation and intentional infliction of emotional distress).
    3.    Venue is proper in this District under 28 U.S.C. §1391 because the events giving rise to this complaint occurred in Maricopa County, Arizona.

—

II. Parties
    4.    Plaintiff Mary Shahadi is an African-American woman and a resident of Phoenix, Arizona.
    5.    Defendant Ulta Beauty, Inc. is a corporation registered in Delaware with business operations in Arizona, including the retail store located at 5735 N. 19th Avenue, Phoenix, Arizona 85015.

—

III. Statement of Facts
    6.    On September 5, 2025, at approximately 3:00 PM, Plaintiff visited Defendant's Ulta Beauty store located at 5735 N. 19th Avenue, Phoenix, Arizona 85015, accompanied by a non-Black friend.
    7.    Plaintiff attempted to test a concealer product in the same manner she has always done at Ulta and Sephora prior to purchase.
    8.    Plaintiff's non-Black friend was in the aisle above Plaintiff simultaneously using an eyebrow tester product without issue.
    9.    A store employee confronted Plaintiff and stated that the sponges and the testers were "only for their techs to use."
    10.   Plaintiff explained she no longer wanted the product, handed the product back to the store manager, and continued to blend the concealer under her eyes as the associate stood nearby after the product was returned.
    11.   Plaintiff then stated that she had never experienced treatment like this before and would simply go to Sephora instead. The store employee replied, "You should do that." Plaintiff agreed that she would, and at that point the employee told Plaintiff, "Fine, you need to leave."
    12.   The employee then directed another associate to call security. Plaintiff asked why security was being called when she had already agreed to leave and stated that she would shop at another store. The associate calling security responded that "she just wants you to leave the store."

13. Plaintiff retrieved her water bottle from a nearby table and repeated that she did not understand why security was being called on her when she was already leaving voluntarily. Plaintiff then told the employee that if security was going to be called, she needed to know why she was being kicked out, that the treatment was racially motivated, and that she was going to record and report the incident.

14. Upon seeing Plaintiff begin recording on her phone, the employee fled the area. Plaintiff then told her friend to put down her items, stated that they would shop elsewhere, and walked out of the store while dialing Ulta corporate to report the incident.

15. Plaintiff filed a complaint with Ulta corporate and verified by phone that the policy cited by the employee—that sponges and testers were "only for their techs to use"—was not in fact Ulta's store policy.

16. Plaintiff was not physically escorted out by security but felt compelled to leave under duress due to Defendant's escalation and targeting.

17. Plaintiff was humiliated and treated differently than her non-Black friend, who was permitted to continue using a tester product without being confronted or harassed.

18. Defendant's conduct was motivated by racial bias and denied Plaintiff the full and equal treatment afforded to other customers.

19. As a result, Plaintiff suffered emotional distress, humiliation, and ongoing anxiety about shopping in public retail spaces.

---

IV. Causes of Action

Count I – Race Discrimination (42 U.S.C. §1981 & Title II of the Civil Rights Act)
20. Plaintiff realleges and incorporates all prior paragraphs.
21. Defendant, through its employees, denied Plaintiff the full and equal enjoyment of goods, services, facilities, and privileges of a place of public accommodation based on race.
22. Defendant's conduct violated 42 U.S.C. §1981 and Title II of the Civil Rights Act.

Count II – Defamation (Arizona State Law)
23. Defendant's employee falsely implied that Plaintiff was misusing store property or violating policy.
24. These statements and implications were made in the presence of third parties, including customers and other employees, damaging Plaintiff's reputation.
25. Defendant's actions constitute defamation under Arizona law.

Count III – Intentional Infliction of Emotional Distress (Arizona State Law)
26. Defendant's conduct was extreme and outrageous.
27. Plaintiff experienced humiliation, emotional distress, and fear of entering retail establishments as a result.

---

V. Prayer for Relief

Plaintiff requests that this Court grant the following relief:
A. Declaratory judgment that Defendant's conduct violated federal civil rights law.
B. Injunctive relief requiring Defendant to change its discriminatory policies and train employees.
C. Compensatory damages in an amount to be proven at trial.
D. Punitive damages to deter Defendant and others from similar misconduct.
E. Costs of suit and attorney's fees under 42 U.S.C. §1988.
F. Any further relief the Court deems just and proper.

---

VI. Jury Demand

Plaintiff demands a trial by jury on all issues so triable.

Respectfully Submitted,
Dated: September 11, 2025

Signature: _[signature]_

Name: Mary Shahadi
Address: 4802 N 19th Ave, B249
Phoenix, AZ 85015
Phone: 484-523-6274
Email: ms.maryshahadi@gmail.com